577 F.2d 296
 James SHANKS, Plaintiff-Appellant,
v.
GREENBRIAR DODGE, INC., Defendant-Appellee.
 No. 77-2282.
 United States Court of Appeals,
Fifth Circuit.
 July 28, 1978.
 
 Joseph H. King Jr., Atlanta, Ga., for plaintiff-appellant.
 Harry A. Osborne, Leonard N. Steinberg, Forest Park, Ga., for defendant-appellee.
 Appeal from the United States District Court for the Northern District of Georgia.
 Before WISDOM, GOLDBERG, and RUBIN, Circuit Judges.
 GOLDBERG, Circuit Judge:
 This truth-in-lending case presents facts virtually identical to those in Edmondson v. Allen-Russell Ford, Inc., 577 F.2d 291 (5th Cir. 1978), decided today, and is controlled by our disposition of that case.[1] Here the district court, adopting the recommendation of the special master, found that the assignment of unearned insurance premiums did not constitute a security interest required to be disclosed under the Truth-In-Lending Act and Regulation Z. We have examined the contract in issue and perceive no significant difference between paragraph 6 of Greenbriar Dodge's combined disclosure statement and retail installment contract[2] and the comparable provision examined in the Edmondson case. We conclude that this provision creates a security interest in refunded insurance premiums.
 Paragraph 13 on the face of the Greenbriar Dodge disclosure statement discloses a security interest in a new 1975 Dodge Coronet.[3] This disclosure, which unlike the Edmondson language does not refer even to proceeds, is patently inadequate as "a clear identification of the property (refunded insurance premiums) to which the security interest (in those premiums) relates." 12 C.F.R. § 226.8(b)(5).
 The decision of the district court must be reversed. We remand for consideration of statutory damages and reasonable attorney's fees.
 REVERSED and REMANDED.
 
 
 
 [1]
 We have considered appellee's argument that plaintiff "is estopped to raise" the § 226.8(b)(5) issue and find it without merit
 
 
 [2]
 Paragraph 6, found on the reverse side of the document, provides in full:
 Buyer agrees to keep the property insured at Buyer's expense against substantial risk of damage, destruction, or loss for so long as any amount remains unpaid on this contract, with loss payable to the Seller as its interest may appear, and that Buyer will deliver all such insurance policies upon receipt to the holder of this contract. Buyer shall not be relieved of the obligation to procure and maintain vehicle insurance due to the inclusion of same in the contract, but such inclusion only authorizes Seller to attempt to obtain such insurance on Buyer's behalf through an authorized insurance agent. If Seller fails to procure such insurance the amount so included in the Total of Payments payable hereunder shall be credited to the last maturing instalments hereunder in inverse order of maturity, except to the extent applied by Seller toward payment for comparable insurance protecting the interest of Buyer and Seller or Seller Only. Upon cancellation or other termination of any vehicle insurance, the refund of premiums received by Seller will be credited or applied in a like manner. Seller may, but shall not be required to, and without prejudice to Seller's rights under this contract if it does not procure such vehicle insurance protecting (i) interest of Buyer and Seller or (ii) interest of Seller only, if Buyer fails to procure or maintain such vehicle insurance or fails to furnish satisfactory evidence thereof upon request. In such event, Buyer agrees to pay, as an additional part of the obligation hereunder, a charge equal to the amount of the premium for such insurance obtained by Seller upon demand, or in Seller's sole discretion, in equal instalments concurrently with the instalments of the unpaid balance then remaining payable under this contract together with interest thereon at the highest lawful contract rate. The proceeds from vehicle insurance, by whomever procurred, shall be applied toward replacement of the property or payment of the obligation hereunder, in the sole discretion of Seller. Buyer hereby assigns to Seller any monies, not in excess of the unpaid balance due under this contract, that may become payable under such insurance, by whomever obtained, including return of unearned premiums and authorizes and requests any insurance company to make payment of such monies directly to Seller to be applied to the unpaid balance hereunder, and Buyer appoints Seller as Buyer's attorney-in-fact to endorse Buyer's name upon any check or draft representing payment to Buyer of such monies. (Emphasis added).
 
 
 [3]
 Paragraph 13 provides in full:
 Security Interest. Seller shall have a Security Interest, as the term is defined in the Uniform Commercial Code of the state in which this contract is executed, in the property (a new 1975 Dodge Coronet) until all amounts due under this contract are paid in full.